

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-23-00610-CR

Siddiq **FRAZIER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR11204
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: August 16, 2023

DISMISSED FOR WANT OF JURISDICTION

This is an appeal from a conviction for continuance violence against the family. Appellant applied for deferred adjudication and pleaded no contest on December 7, 2020. Appellant was required to follow the terms of community supervision for three years. He failed, and his community supervision was revoked. On May 3, 2023, Appellant was sentenced to two years' imprisonment and a $4,000 fine.

The trial court at first certified that Frazier had waived his right to appeal, but then corrected the certification to show that Frazier maintained a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On June 12, 2023, Frazier filed a notice of appeal pro se. *Contra* TEX. R. APP. P. 26.2(a) (requiring a defendant to perfect his appeal within thirty days of the judgment). On June 23, 2023, the trial court filed an amended certificate of appeal that certified Frazier had waived his right of appeal. *See id.* R. 25.2(a)(2).

On July 14, 2023, we issued an order to show cause, requiring Appellant to explain why the appeal should not be dismissed for want of jurisdiction both because his notice of appeal was untimely[1] and because the trial court certified that he did not have a right to appeal.[2] We warned Appellant that if he failed to provide a reasonable explanation, his appeal would be dismissed without further notice. Appellant filed no response.

We now dismiss the purported appeal for want of jurisdiction.

PER CURIAM

Do Not Publish

---

[1] A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).
[2] *Contra* TEX. R. APP. P. 25.2(a)(2)